ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss for lack of jurisdiction Larry D. Pitts’ appeal from the United States Court of Appeals for Veterans Claims. Pitts opposes and moves for affirmative relief or, in the alternative, remand.
Pitts appealed to the Court of Appeals for Veterans Claims from an October 10, 2003, decision of the Board of Veterans’ Appeals that denied his claims for entitlement to (1) a disability rating in excess of 20% for his service-connected ventral hernia, postoperative recurrence of epigastric hernia condition, and (2) an effective date earlier than March 1, 1990, for his separate service-connected surgical hernia scar condition.
In its decision, the Board noted that Pitts had not moved to revise any final regional office (RO) or Board decision on the basis of clear and unmistakable error (CUE). Nevertheless, Pitts argued on appeal that the Board erred in failing to develop and adjudicate his CUE motions regarding previous final decisions from 1987 to 1990. Pitts further argued that the Board improperly ignored the issue of whether a letter he sent on April 1, 1986 constituted an informal claim that would entitle his service-connected surgical hernia scar claim to an earlier effective date.
The Court of Appeals for Veterans Claims concluded that “the Board neither erred in finding that the appellant had not raised a request for revision on the basis of CUE nor in refusing to refer to the RO a pending unadjudicated request.” The court also concluded that, absent a specific motion to revise a February 1990 Board decision on the basis of CUE, the Board’s effective date determination for Pitts’ surgical-scar claim was plausible in light of the record on appeal.
The Secretary argues that Pitts’ informal brief does not raise an issue that falls within this court’s jurisdiction. We agree. Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
The Court of Appeals for Veterans Claims’ determinations pertaining to the sufficiency of Pitts’ request for revision on the basis of CUE, the need for additional *956 development of an unadjudicated claim, and the plausibility of the Board’s effective date determination in light of the record relate to factual issues not within our jurisdiction. In these circumstances, this court lacks jurisdiction to review Pitts’ appeal or grant him the relief requested. See 38 U.S.C. § 7292(d).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Pitts’ motion for affirmative relief or in the alternative remand is denied.
(4) Each side shall bear its own costs.